Mr. Carpenter, whenever you're ready. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Doris Mayo. The Veterans Court has consistently to the Director of Compensation Services at the Central Office of the VA for a decision on the merits in the first instance on a question of an extra scheduler total rating. The decision of the Veterans Court in this case affirmed the Board's decision on the merits, which was made without a referral. This was a clear error and inconsistent with both the interpretation of the regulation and the case law of the Veterans Court. The Board denied the accrued benefit claim of Mrs. Mayo without there having been a referral and a decision in the first instance by the Director. The Veterans Court in Fisher clearly held that where there was extraneous circumstances presented that the Director might consider that a referral to the Director on the subject matter of the appeal was required. The Stanton case, the Veterans Court held that the Veterans' testimony that he or she was unable to obtain employment due to service-connected disability was sufficient to meet the threshold requirement for the entitlement to an extra scheduler total rating. Mr. Carpenter, I'm not sure I understand exactly what your position is with respect to the role that's to be played by the Board or the regional office in making any kind of threshold determination before sending the case to the Director. As I read the bowling against Principi case, they seem to be saying, the Court seemed to be saying that this was a determination initially to be made by the Board or the regional office and if the Board or regional office determined that the case was not one which warranted being submitted to the Director, then that determination would be made by the Board or the regional office and subject to a clear error analysis. That decision would be whether or not there was the threshold requirements to make the referral, not the merit determination. Isn't the determination as to whether there's a threshold basis, doesn't that entail making at least an initial merits type decision? No, Your Honor. The threshold determination is simply whether or not there's a reasonable basis, a plausible basis in the record to make a referral. Under the Stanton case, that was met when Mr. Mayo, prior to his death, said that he couldn't work due to his service-connected disability. That required the referral and by requiring the referral, it required a decision by the Director. Your argument then is that here, the mistake that was made was that the Board did not correctly assess the strength of his case for purposes of referral? Didn't follow the case law of the Veterans Court in the Stanton case that required that when there is prima facie evidence, in this case from the Veteran in his lay testimony, that he was unable to work due to his service-connected disability. They then went on to make the threshold determination, which is mandated by the terms of the regulation, to only be made by the Director. But the threshold determination, I gather, is made by the Board or the regional office as to whether there's enough evidence to be a plausible case. The correct decision by the Board in this case, had they concluded that there wasn't threshold evidence in this case, was that there was no threshold evidence to make that referral. That would have been the issue appealed to the Board. Instead, the final decision that was made was on the merits that there was no entitlement to the extra-schedule or total rating. Could you talk a little bit about the Thone case? As I understand it, we've already interpreted a particular regulation, 3.321B1, but also we commented on 4.16B, and one could read Thone as saying that this Court has already found that the plain language of those regulations don't call for the Board or the RO to simply make a threshold determination of whether there's a plausible basis, but in fact, call for those entities to first decide for themselves whether they believe an extra-schedule or is warranted, and if so, then they send it on to the Director. I believe if that were, in fact, the correct interpretation, then the decision of the Veterans Court in the cases that are cited in my brief were wrongly decided. It would seem to me that it would be up to this Court to decide that the rule in Thone applies here. I do not believe the rule in Thone applies here because the language of the regulation in 3.321B1 is significantly different than the language in 4.16B. The language in 3.321B, as the Court decided in Thone, had two specific threshold requirements that were the basis for determining whether or not a referral needs to be made. There is no such criteria outlined in the plain language of 4.16B, and the language of 4.16B in the Fisher-Stanton bowling as well as the wages case, which was recently decided in 2015, says that that decision is to be made by the Director. Now, under this regulatory scheme... In the meaning of 3.321B in that case, we also consulted 4.16B and engaged in some kind of interpretive exercise as to the meaning of 4.16B, didn't we? I do not believe you did, Your Honor, or at least that's not the way that I read Thone. I was counsel in Thone. Right. I know you were. But there was a discussion of 4.16B. There was a discussion of 4.16B. There was a quote in the language of 4.16B. The relevant portion of that discussion was that both regulations required a referral to be made to the Director or the Undersecretary in the case of 3.321B for a decision on the question of entitlement to extra scheduler consideration in 3.321B and entitlement to an extra scheduler total rating in 4.16B. They are simply two separate criteria as outlined. Even though there is reference in Thone, it was more contextual for the sense of both of these regulations required a referral to the Central Office to make the ultimate decision and precluded in both cases the decision being made by the agency of original jurisdiction or the Board in the first instance. But as I understand the language from Thone, the determination as to whether the claimant is unemployable by reason of the service-connected disabilities is one that is made by the Board of the Regional Office, isn't that right, before a referral is made? No, Your Honor. The sentence that I am focusing on from Thone says the plain language of the regulation requires such referrals, the referral to the Director, to be made only when it has been determined that the claimant is unemployable by reason of service-connected disabilities. That determination being made by the Regional Office of the Board, right? That couldn't be the language from Thone because Thone deals not with... I am actually reading that is exactly the language from the case. Do you have a copy of the opinion? I do, but I did not bring it with me. I am sorry. Trust me, that is the language from the case. My point is that the language of the regulation does not go to unemployability under 3.321b. 3.321b is for an extra scheduler when the rating criteria is inadequate to adequately compensate the veteran at the scheduler rating. 3.321b deals with scheduler ratings and whether you can get more than what the scheduler rating calls for on what they call an extra scheduler basis. It does not go to an extra scheduler total basis. Only 416 does, and 416 language is different than the language in 3.321b1. I would just urge the court to compare the language of each of these regulations to confirm that my representation is correct regardless of how it may have been framed in the decision. The regulation, in fact, for 3.321b only deals with scheduler criteria to get what would be potentially a total rating, but the predicate is not on the inability to work. It is on the inability of the scheduler criteria to adequately compensate for the symptoms and manifestations of that particular disability because the VA's rating code or rating criteria does not adequately cover those symptoms. I see that I am into my reserved time. If there are any further questions, I will... We'll hear from the government. Is it Ms. Cruiser? Yes, Cruiser, yeah. Okay, very good. Thanks. Good morning, your honors. May it please the court. This is an appeal of a veteran's court decision affirming a board finding that the appellant is not entitled to total disability due to individual unemployability or TDIU. Contrary to Mrs. Mayo's arguments, there is no question of statutory or regulatory interpretation for the court to resolve, and this case is not within the court's limited jurisdiction. The mere fact that Mrs. Mayo has put forth an alternative explanation or reading of 4.16b, which runs contrary to its plain language, does not create an issue of law for the court to decide. Well, why not? The position taken by Ms. Mayo is that as a matter of law, this regulation has to be read in a particular way. Now, you disagree with Mr. Carpenter over the reading of the regulation. Why isn't that a pure question of law suitable for our resolution? Because, your honor, the veteran's court was not interpreting that statute. The fact that Mrs. Mayo, on appeal, has raised an alternative... The regulation. ...does not mean that the lower court was making any interpretation. The veteran's court took the language of 4.16b and applied it to the situation. The veteran's court reviewed the board's factual determinations and how the board weighed the evidence and decided that there had been no clear error. The veteran's court did not make any holdings about the referral process or how the terms of the statute should be interpreted. This court has already held, for example, that an interpretation do not mean the mere application of a statute to the facts of the case, just based on the court's jurisdictional statute. What if the board's application of the regulation is premised necessarily on a particular conception of that regulation? Maybe not articulated, but the logic of their decision-making is necessarily based on understanding the regulation as requiring the board to make a merits-based determination right there on the extra-scheduler question, and not just a mere threshold question of whether there's a plausible basis for an extra-scheduler that would then warrant referring the matter to the director. Well, Your Honor, the board applied the terms of the statute, which states that... The regulation. Yes, the regulation. The board applied the terms of the regulation, which state that veterans that have been deemed to be unemployable by reason of their service-granted disability should have their cases referred to the director. The board simply took that mandate to determine the unemployability and made factual determinations on that matter, which the veterans' court upheld. The veterans' court was not... There's no argument about differing interpretations of the process before the veterans' court. The plain language of the statute clearly shows that there must be a determination of unemployability before a referral is made. Was there an argument to either the board or the veterans' court below by Mrs. Mayo that the right understanding of this regulation 4.16B requires a finding of just a mere plausible basis for an extra-scheduler, and then only once that small threshold is met, then the VA is required to send it over to the director? No, Your Honor. I believe Mrs. Mayo's argument before the veterans' court revolved around the weighing of evidence, primarily how the lay evidence was treated versus the medical evidence, which is now being crafted into a regulatory interpretation argument at this court. The path of the case below shows that Mrs. Mayo understood that the board would be making factual determinations about unemployability, and the arguments went to the weight of the lay evidence in making that unemployability determination. There was not an argument that this process should have some sort of extra step in it, and any sort of possibility of unemployability merited a referral to the director. In fact, that argument would eliminate the board's ability to take and weigh evidence in the first instance. There's numerous cases that are cited by the board in the veterans' court about how lay on medical questions, and that body of case law would simply be erased if any statement of a veteran that he is unable to work would merit referral to the director for the director to make a merits finding about unemployability. Mrs. Mayo's argument is based on a conflation of two different decisions. One is the factual question by the regional office or the board as to whether the veteran is unemployable by reason of the service-connected disability. If the veteran is found to be unemployable, the referral is made to the director. The director then has the ultimate power to award the rating of totally disabled. So the cases that Mrs. Mayo has cited that appear to limit the power of the board is the power of the board to award the rating. Mrs. Mayo's argument is based on conflating the power to award the rating of totally disabled and the unemployability determination. Do you agree with Mr. Carpenter that the proper standard to apply here is the plausible basis standard, i.e., is there a plausible basis to believe that this individual is entitled to TDIU? Or a plausible basis being the prerequisite for a referral? I believe Bolling and Fisher do use the language, and in those cases they state that they were going to reverse the board. The Veterans Court was reversing the board's finding because some of the evidence suggested that there was a plausible basis for unemployability. Do you accept that as a legal construction of 4.16b? Well, Your Honor, I don't accept the way that Mrs. Mayo is presenting it. But I'm asking you a question as to the proper construction of 4.16b, not Mrs. Mayo's argument. And so tell me how you deal with the language from Bolling, which I think was an in-bank decision of the Veterans Court, that talks in terms of the plausible basis standard. Well, Your Honor, I believe that's the same as how the board treated the matter in this instance. The board found that by a preponderance of the evidence, Mrs. Mayo had shown that Mr. Mayo was not unemployable by reason of a service-standard disability because all the evidence was that a lay statement that he was unable to work, that he was completely disabled. That's no different than in Bolling. There is various indicia of the veteran's situation of unemployability, which the Veterans Court found the board had not properly weighed. Well, you mentioned the preponderance standard. But how does that square with the plausible basis standard that was used in Bolling? They seem to be two different standards to me. Well, Your Honor, in Bolling, the issue in the court was that the board had not properly weighed evidence that showed that he was unemployable by reason of a service-standard disability. And the plausible basis was about the weight of the evidence. And in this case, the board found that the weight of the evidence did not support the decision. Do you agree that evidence could be plausible without rising to the level of a preponderance? Your Honor, I think it would be the same. Really? The plot. Plausible? I mean, I would think plausible, just without digging deeply into the cases on this, but plausible sounds like a lower standard to me than preponderance. Plausible being kind of almost a probable cause type standard, isn't it? Your Honor, that could be correct, Your Honor. That was not the issue that was addressed here because, in any event, the lay evidence that was presented by Mrs. Mayo, the board found that it was not competent to address the medical question of what, of his many health problems, was causing the unemployability. So in this case, there's no question of how the evidence, if there's enough evidence to get over a certain threshold because all the evidence, the only evidence Mrs. Mayo put forth was simply the lay statement of Mr. Mayo that did not address the medical question. Can you walk us through the Thune opinion a little bit? As I understand it, Thune's counsel was advocating for a plausible evidence standard for a referral to the director as the right understanding of 3.321B, and that this court ultimately rejected that understanding of 3.321B. Yes, Your Honor. And in doing that, this court consulted 4.16 because Thune argued that 4.16 also should be understood in that same way, as having a plausible evidence standard. Yes, Your Honor. The court has, in our view, rejected Mrs. Mayo's conception of the 4.16 referral process that is now being advocated. In Thune, the court affirmed the idea that while the rating boards cannot assign the extra scheduler rating, they may conduct initial screenings of claims and can refer to the director those claims that meet certain factual elements. Here, the factual element is whether or not the veteran is unemployable by reason of the service-connected disability. That would be done under a preponderance of evidence standard. Yes? Yes, Your Honor. But the regulation does not require, and Mrs. Mayo has put forth a contention that any possibility of unemployability should be referred to the director. And the question of what is plausible basis and what is the weighting of the evidence is the factual question that goes, that the board is determining in the first instance about the weight of the evidence and how it interacts with the medical evidence, the statements of the veteran. The question of what weight various elements should be given to is the factual question that the board is deciding. That is the question that needs to be determined before a matter goes to the regional office. Mrs. Mayo's argument is that any evidence that raises a question of unemployability needs to be immediately referred to the director, which goes against the plain language of the statute. And in Thun, even though it was about the other referral process in 3.321B, as Your Honors noted, although Thun was trying to analogize to 4.16B and the court rejected that contention and specifically stated that the referral to the director of compensation services in 4.16B is to be made only when it has been determined that the claimant is unemployable by reason of service-connected disabilities and that the finding of unemployability is a condition precedent to referral to the regional office under 4.16B. So here the board made that finding of unemployability. Furthermore, there's nothing in Bowling or Fisher that limits the board to only considering whether there's a possibility of unemployability. In those cases, the board is analyzing evidence. Quick background question. Sure. Assuming you're right that the board or the receiving office is supposed to independently determine for itself on the merits by preponderance of evidence whether or not a particular claimant deserves an extra scheduler rating. Yes, Your Honor. What is the purpose of doing any kind of referral to the director at that point? There has already been a fact-finding made by the VA. So why take the additional step in those situations where the board or the RO does in fact find that the evidence warrants an extra scheduler? Well, Your Honor, it has numerous positive effects, which are actually discussed in the case in the Veterans Court case wages. Having the referral process, first of all, allows that the director is the one making the ultimate, assigning the ultimate rating, which centralizes the award of those ratings in one body. But if the board or the RO decides that there shouldn't be an extra scheduler awarded, then that choice does not get referred to the director, right? The director... So the RO or the board can stop the process, but they don't have the authority to grant the extra scheduler. The board and the regional office make the fact-element finding of unemployability by reason of the service-tented disability. If that fact-finding is made, it's referred to the director. Now, the director can award the rating or could decide not to award the rating, which would also be appealable. I believe the Anderson and Wages case discussed that. But having the director award the rating allows the director to analyze what sorts of cases are being referred to, be receiving these extra scheduler ratings to see if the schedule needs to be changed, since the director has the power over the schedule. It eliminates all the different regional offices and boards making different determinations as to what merits the ultimate rating. If the determination is... And I'm really asking, I think, the same question that Judge tended. But if the board or the regional office makes the determination that the service-connected disability rendered the individual unemployable, what would be the basis on which the director could then do anything other than to grant TDIU? The director is not required to grant the TDIU. Since that's the requirement, as I understand it, for getting TDIU, what would the director say by way of why a person who had already been determined to be unemployable because of a service-connected disability, what would be the basis for saying that person does not get TDIU? Well, Your Honor, presumably the director could disagree that the veteran was unemployable by reason. It would really be only a situation where the director would countermand the determination made by the regional office or board? Yes, Your Honor. Your Honor, I believe that has occurred in some of the cases, and the individual then appealed that decision. There were questions of how the board's determination should be weighed with that. But it would be another question of simply weighing the facts for the veterans court and the board to make the determination of. Thank you, Your Honor. Thank you. Your Honor, I believe that the VA is incorrect as it represents the role of the VA in this process under this regulation. The VA has asserted that the role is to make the decision in the first instance, and they're relying upon the language in the fund to support that view. First, that is inconsistent with the decisions that are cited in the appellant's brief in support of, it is the obligation of the director to make that decision. As both Judge Chin and Judge Bryson have correctly pointed out, it makes no sense to read this regulation that the decision is made, and then it's referred to the director to make the decision again. Clearly, by this regulation, and there is no statutory predicate to this regulation, this is a regulation that the secretary himself has written, and that regulation requires a decision by the director, and it requires a referral. There is a complete disconnect between a decision by the board, which says that there is a preponderance of evidence against the claim with the plain language of bowling, and other cases which talk in terms of a plausible basis to make the referral. The regulation doesn't say plausible basis. The regulation does not, Your Honor. The case law does, and that's why this is a question of law. Thune doesn't quite say it. It doesn't say plausible basis. No, Thune does not say that at all, and I would suggest that the language in Thune relative to 416 is simply dicta, and not controlling upon this court because this court was not looking at the language of 416 to determine the interpretation of 3.321B. Do we reject plausible basis for 3.321B? Well, certainly I believe that's within your discretion, Your Honor. In Thune, isn't that what the court did in Thune for 3.321B? They did. Thune argued for a plausible basis understanding of 3.321B, and this court rejected that. The extra scheduled referral to the director. That's correct. Do you think for 4.16B, that should be read and interpreted in a very different way, where now there should be a plausible basis threshold injected into that regulation? I'm saying that the en banc court below said plausible basis in terms of the legal standard for making the referral to the director. There was no referral to the director in this case. Therefore, the rule in bowling was violated. Was this legal issue raised below to either the veterans court or the BBA? The question of how to understand 4.16B and whether or not there is a mere plausible basis threshold that should be interpreted into that regulation? No, Your Honor. What was argued below was that 4.16B was not correctly applied. On the merits? On the merit determination. On the basis that they did not have the authority to make the merit decision in the first instance. It didn't get down into the weeds of the type of discussion that we're having in this case because it seemed self-evident, based upon the case law, that the board was not able to make that decision in the first instance. Do you have a site in the joint appendix? Do you have a site in the joint appendix I could look at to get the best understanding of what was raised below in the veterans court? Well, while you're looking, you might want to take a look at appendix 183, which is page 12 of I think it's your brief. And in the first full paragraph, the sentence, there is no plausible basis in the record before the board to support a finding that Mr. Mayo was not enabled, that may be a typo. No, it's actually correct. Was not enabled to secure and follow a substantially gainful occupation by reason of his service-connected disability. That, I take it, was the thrust of your argument. Yes, Your Honor. That they should have sent it beyond because. That the correct application of 4.16B required that outcome. And that the outcome, and that is in our opening brief below, Your Honor. It starts at page 167 to the end of the joint appendix at 184. Unless there's further questions from the panel. Okay. Thank you very much, Mr. Carman. The case is submitted.